T.C. Summary Opinion 2010-159

UNITED STATES TAX COURT

ROBERT D. DECKER III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18497-08S.            Filed October 26, 2010.

Robert D. Decker III, pro se.

<u>John M. Janusz</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2006 respondent determined a deficiency of $3,975 in petitioner's Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for his daughter; (2) whether petitioner is entitled to an earned income credit; and (3) whether petitioner is entitled to a child tax credit and an additional child tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioner filed his petition, he resided in New York.

Petitioner filed his Federal income tax return for 2006 electronically as a head of household.[1] He claimed: (1) A dependency exemption deduction for his daughter; (2) the earned income tax credit; and (3) a child tax credit and an additional child tax credit.

In 2006 petitioner lived with his wife and two daughters until September 2006 when his wife (now ex-wife) and their two daughters moved out of the home. At that time petitioner was in

---

[1]Respondent did not adjust petitioner's head of household filing status in the notice of deficiency or assert an increase in the deficiency in his answer. See sec. 6214(a).

the process of getting a divorce; however, the divorce was not finalized until December 2007. Petitioner filed his 2006 Federal income tax return claiming a dependency exemption deduction for one of his daughters. Petitioner's ex-wife, however, claimed a dependency exemption deduction for both of their daughters on her 2006 Federal income tax return.

Respondent issued to petitioner a notice of deficiency disallowing: (1) Petitioner's claimed dependency exemption deduction for his daughter; (2) the earned income tax credit; and (3) the child tax credit and additional child tax credit.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[2] Rule 142(a)(1); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a)(1);

---

[2]Petitioner has not claimed or shown that he meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to his liability for tax. In any event, the facts are not in dispute, and we decide the issues on the record before us.

Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

## II.  Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an annual "exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Section 152(a) defines dependent as a "qualifying child" or a "qualifying relative".[3]

Respondent agrees that petitioner's daughter meets the definition of a qualifying child pursuant to section 152(c)(1). She is petitioner's daughter, she shared the same principal place of abode as petitioner for more than one-half of 2006, she met the age requirements in 2006, and she did not provide over one-half of her own support in 2006.  Id.

Although petitioner's daughter meets the definition of a qualifying child, certain circumstances apply when more than one parent claims a child as a qualifying child.  Sec. 152(c)(4)(B). Under section 152(c)(4)(B), when the parents do not file a joint return, the child will be treated as the qualifying child of either the parent with whom the child resided for the longer period during the taxable year or, if the child resided with both parents for the same amount of time during such taxable year, the

_____

[3]Petitioner's daughter is a "qualifying child" and therefore is not a "qualifying relative".  See sec. 152(d)(1)(D).

parent with the higher adjusted gross income.  Petitioner lived with his ex-wife and two daughters until September 2006.  For the remainder of 2006 his children did not reside with him but with his ex-wife.  Petitioner's children resided with him for a total of 9 months, and they resided with his ex-wife for a total of 12 months in 2006.  The children resided with his ex-wife for the longer period during 2006.  Accordingly, she is the only parent entitled to claim the dependency exemption deduction for 2006.  Respondent's determination is sustained.

III.  Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual an earned income tax credit against that individual's income tax liability.  The amount of the credit is determined according to the taxpayer's qualifying children.  Sec. 32(b).  Under section 32(c)(3)(A), a qualifying child is defined the same as "a qualifying child of the taxpayer (as defined in section 152(c) * * * )."  Petitioner's daughter is not treated as his qualifying child for 2006 pursuant to section 152(c)(4).  Therefore, petitioner is not entitled to claim his daughter as a qualifying child for purposes of the earned income tax credit under section 32(a)(1).[4]

---

[4]Petitioner's earned income exceeded $12,120; accordingly, he is also ineligible to claim an earned income credit under sec.
(continued...)

IV.  <u>Child Tax Credit and Additional Child Tax Credit</u>

Subject to limitations based on adjusted gross income, section 24(a) provides a credit with respect to each qualifying child of the taxpayer.  Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."  As discussed above, petitioner's daughter is not treated as his qualifying child under section 152(c), and he therefore does not have a qualifying child for purposes of the child tax credit.  Thus, petitioner is not entitled to the section 24(a) child tax credit or the section 24(d)(1) additional child tax credit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

⁴(...continued)
32(c)(1)(A)(ii) as an individual without a qualifying child.
Rev. Proc. 2005-70, sec. 3.06(1), 2005-2 C.B. 979, 982
(announcing the specific amount for 2006).